UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KARRIE POIRIER,

                            Plaintiff,

    v.                                                        5:21-CV-622 (LEK/ATB)

TIM REEDY et al.,

                            Defendants.

KARRIE POIRIER, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, purportedly filed by plaintiff Karrie Poirier. (Dkt. No. 1) ("Compl."). Ms. Poirier also moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

**I.    IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). After reviewing the application, this court finds that she is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.   Background

This is the third complaint that has been filed in the past three months challenging the living conditions and medical treatment at Bishop Nursing Home on

behalf of Karrie Poirier. On April 12, 2021, Patrick Guillory[1] filed a complaint on behalf of "patients" at Bishop Nursing Home, alleging, among other things, patient neglect and defective equipment. *See Guillory v. Bishop Nursing Home*, 5:21-CV-410 (MAD/ATB) (Dkt. No. 1). On April 19, 2021, I recommended that the *Guillory* complaint be dismissed, without leave to amend, based on a lack of subject matter jurisdiction, insomuch as there were no allegations that the defendants' alleged conduct constituted state action in order to invoke this court's federal jurisdiction over plaintiff's § 1983 claims. *See Guillory v. Bishop Nursing Home*, 5:21-CV-410 (MAD/ATB) (Dkt. No. 6). That report-recommendation is currently pending review by District Court Judge Mae A. D'Agostino.

On May 19, 2021, Mr. Guillory filed another complaint against Bishop Nursing Home, this time as power of attorney on behalf of his girlfriend, Karrie Poirier. *Poirier v. Bishop Rehabilitation and Nursing Home et al.*, No. 5:21-CV-571 (BKS/ATB) (Dkt. No. 1). The *Poirier* complaint raised almost identical claims against Bishop Nursing Home as those in *Guillory*, and included other individual employees of the facility as defendants. *Id.* Upon review of the *Poirier* complaint, I recommended dismissal, without leave to amend, as federal subject matter jurisdiction was still lacking. *Poirier v. Bishop Rehabilitation and Nursing Home et al.*, No. 5:21-CV-571 (BKS/ATB) (Dkt. No. 6). I also indicated that, even assuming Mr. Guillory had the legal authority to act as power of attorney on behalf of Ms. Poirier, this did not authorize him to commence a pro se action in Ms. Poirier's name. (*Id.* at 2). Mr. Guillory filed objections to my

---

[1] Mr. Guillory is a frequent pro se litigant in this court, having filed many federal complaints in the Northern District.

report and recommendation on behalf of Ms. Poirier *Poirier v. Bishop Rehabilitation and Nursing Home et al.*, No. 5:21-CV-571 (BKS/ATB) (Dkt. No. 8), and both filings are currently pending review by District Court Judge Brenda K. Sannes.

### III. **Complaint**

The complaint presently before this court on initial review is an indignant recitation of the same allegations previously raised by Mr. Guillory and Ms. Poirier against Bishop Nursing Home and its employees. Although the complaint is signed in Ms. Poirier's name, the document suggests that Mr. Guillory improperly filed the pleading on her behalf. (Compl. at 2-3). In any event, the complaint identifies several (presumed) employees of Bishop Nursing Home as additional defendants; however, plaintiff does not mention them in the body of the complaint, much less describe the actionable conduct allegedly attributable to these individuals. Plaintiff merely states that she is filing the complaint on the grounds of "cruel and unusual punishment and elder abuse." (*Id.* at 2). She claims that she has been neglected because the facility's call buttons do not work, and that the care she has been rendered by unqualified Certified Nursing Assistants amounts to medical malpractice. (*Id.*). Plaintiff also states that the defendants refused to take her to the emergency room, despite her requests. (*Id.*).

Plaintiff devotes the remainder of her complaint to posturing; stating that she will continue to file complaints in courts of all jurisdiction "if the defendants fail to do their respective jobs," and that the defendants "will pay us . . . or pay the lawyers."

## IV. **Discussion**

For the reasons previously discussed, *ad nauseum*, in my previous two order and report-recommendations,[2] I recommend that the court dismiss the complaint based on a lack of federal subject matter jurisdiction over plaintiff's § 1983 claims against the privately owned nursing facility and its agents. In order for this court to entertain subject matter jurisdiction over plaintiff's claims under section 1983, she must allege facts showing that the defendant was a "state actor," or otherwise acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To this end, the courts in this circuit have generally held that nursing homes are not proper § 1983 defendants because they do not act under color of state law, and plaintiff has not alleged any facts suggesting that the defendants in this matter fall into any of the possible exceptions. See *DuBois v. Bedford-Flatbush Chiropractic, P.C.*, 409 F. Supp. 3d 62, 69 (E.D.N.Y. 2019) (acknowledging that, in the context of § 1983, public functions do not include operating nursing homes) (citing *Manhattan Cmty. Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1926 (2019)); *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals, nursing home, and cemetery named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law."). Accordingly, the district court should dismiss plaintiff's complaint against the named defendants.

As has also been previously discussed, this court lacks federal subject matter

---

[2] *See Guillory v. Bishop Nursing Home*, 5:21-CV-410 (MAD/ATB) (Dkt. No. 6); *Poirier v. Bishop Rehabilitation and Nursing Home et al.*, No. 5:21-CV-571 (BKS/ATB) (Dkt. No. 6).

jurisdiction over any of the state law claims implied in plaintiff's complaint, including negligence and medical malpractice. To the extent plaintiff threatens to continue filing the same complaint in federal court against the named defendants, regardless of any adverse decisions by the district judge, the court would suggest that plaintiff direct her efforts toward finding the proper venue in which to state her claim. The court would also caution plaintiff that the continued filing of vexatious and frivolous litigation in this court can result in sanctions, including the imposition of an injunction prohibiting an individual from making future filings seeking in forma pauperis status without leave of the court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Amaker v. Haponik*, 125 F. App'x 375, 376 (2d Cir. 2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," as "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints' " (quoting *In re Sassower*, 20 F.3d at 44)).[3]

## V. **Opportunity to Amend**

### A. **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the

---

[3] Plaintiff also states that she will appeal any adverse decisions of the court. To be clear, plaintiff is entitled to exercise her appellate rights to the extent authorized by federal law. This does not include, however, the right to incessantly file the same complaint as separate actions.

6

complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

The court is recommending dismissal of this action for lack of subject matter jurisdiction over the § 1983 claims against the defendants. Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). Plaintiff has essentially filed the same complaint three different times; however she still fails to assert any form of federal jurisdiction over the situation described in the complaint. As there appears no basis for plaintiff to raise her claims in federal court, the court should not allow plaintiff to amend. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the court recommends dismissal without leave to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Ms. Poirier's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT**

**PREJUDICE**, but without the opportunity for amendment, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 10, 2021

Andrew T. Baxter
U.S. Magistrate Judge